UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY SMITH,

      Plaintiff,

        v.                     CAUSE NO. 3:23-CV-296-DRL-MGG

JOHN GALIPEAU,

      Defendants.

<u>OPINION AND ORDER</u>

Anthony Smith, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Smith complains about the lack of treatment he is receiving at Westville Correctional Facility for his frequent seizures. He alleges that since March 2019, he has had 42 seizures a month and they have been increasing in frequency, but he still does not have a diagnosis about what is causing the seizures. He alleges that he has fallen out in the dorm several times and awoken to find food on his face and bruises on his body, but no medical staff were called to examine him.

Mr. Smith alleges that at the end of August 2019, he wrote the Ombudsman Bureau about his medical issues. He says they contacted Wexford, the prison's medical provider at the time, to discuss his medical treatment, which consisted of the medication Depakote. But even after that, Mr. Smith says his care did not improve. He says an outside doctor, Dr. Abdulkarim Sharba, ordered a yearly MRI scan, but Wexford did not provide that treatment. When Centurion Health replaced Wexford as the prison's medical provider, Mr. Smith claims his care did not change. He contends that he still is not getting proper treatment and the frequency of his seizures is increasing. He asks the court to order defendants to "fix [his] health problems" and to pay damages for his pain and suffering.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Constitutionally adequate medical care does not mean that inmates may "demand specific care." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). Nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id*. In effect, the Eighth Amendment "protects prisoners from . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (citation omitted).

Here, the complaint plausibly alleges that Mr. Smith's medical care does not meet constitutional standards because medical staff are not responding to the increasing frequency of his seizures. The Warden of Westville Correctional Facility, John Galipeau, has both the authority and the responsibility to ensure that inmates at his facility are provided adequate care as required by the Eighth Amendment. *See Gonzalez v. Feinerman*,

663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Smith will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his ongoing need for adequate medical care for his seizures.

However, to hold an individual defendant liable for money damages under 42 U.S.C. § 1983, the complaint must plausibly allege that the defendant was deliberately indifferent to the plaintiff's serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, "conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

Mr. Smith sues Director McBridegroom, Dr. Jackson, Dr. Liaw, Director Livers, Lt. Warr, Sgt. R. Leeth, a John Doe, and a Jane Doe. He alleges Lt. Warr and Sgt. R. Leeth do not call a signal 3000 when he loses consciousness while having a seizure, but the complaint does not detail when these alleged events occurred, the circumstances around these events, or why Lt. Warr or Sgt. Leeth were in a position to call a signal. Similarly, he alleges he's "been asking for help but not receiving any from Dr. Liaw or Dr. Jackson"

without describing the manner in which he has been asking for help or when this occurred. ECF 1 at 2. The remaining individual defendants are not mentioned at all in the body of the complaint. These allegations are insufficient to infer that any of these defendants were deliberately indifferent to Mr. Smith's serious medical need.

In addition, Mr. Smith sues Wexford and Centurion Health, two companies that provided medical care at Westville. A private company performing a public function can be sued under § 1983 based on *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy," *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). "A municipal entity can be liable under section 1983 for constitutional violations only if those violations were brought about by: (1) an express policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by an agent with final policymaking authority." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 829 (7th Cir. 2022) (footnote omitted). Additionally, the plaintiff must allege that an official policy "was the 'moving force' behind his constitutional injury." *Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). Here, there are no allegations connecting Mr. Smith's allegedly deficient medical care to an official policy or practice of either company.

Finally, Mr. Smith sues Westville Correctional Facility. He cannot sue the prison because it is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

It appears from the complaint that Mr. Smith is seeking immediate relief, so the court will construe his complaint as a motion for a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary

remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions, meaning "those requiring an affirmative act by the defendant," are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted). Mr. Smith has alleged that he is not receiving adequate care for his seizures, though they are increasing in frequency. The court will order the Warden to respond to the preliminary injunction motion before taking further action on it.

For these reasons, the court:

(1) DIRECTS the clerk to edit the docket to reflect that John Galipeau is being sued in his official capacity as the Warden of Westville Correctional Facility;

(2) CONSTRUES the complaint (ECF 1) as a motion for a preliminary injunction and DIRECTS the clerk to separately docket it as a motion for a preliminary injunction;

(3) GRANTS Anthony Smith leave to proceed against the Warden of Westville Correctional Facility in his official capacity for injunctive relief to receive constitutionally adequate medical care for his seizures as required by the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Westville Correctional Facility, McBridegroom, John Doe, Jane Doe, Jackson, Liaw, Centurion Health, Wexford Medical Services Inc, Livers, Warr, and R. Leeth;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden John Galipeau at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(7) DIRECTS the clerk to email or fax a copy of the same documents to the Warden of Westville Correctional Facility at Westville Correctional Facility;

(8) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those deliveries;

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden John Galipeau to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(10) ORDERS Warden John Galipeau to file and serve a response to the motion for a preliminary injunction as soon as possible, but not later than **May 12, 2023**, (with supporting medical documentation and declarations from other staff as necessary) describing/explaining how he is providing Anthony Smith with constitutionally adequate medical care for his seizures; and

(11) GRANTS Anthony Smith fourteen days to reply to the Warden's response to the motion for a preliminary injunction.

SO ORDERED.

April 25, 2023

_s/ Damon R. Leichty_
Judge, United States District Court